UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY K.,[1]<br><br>  Plaintiff,<br><br>v.<br><br>MICHELLE KING,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 24cv710-LR<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON JOINT MOTION FOR AWARD OF ATTORNEY FEES AND EXPENSES**<br><br>**[ECF No. 18]** |

  Presently before the Court is the parties' "Joint Motion for an Award of Attorney's Fees, Costs, and Expenses Pursuant to the Equal Access to Justice Act (EAJA)." (ECF No. 18.) The parties jointly move the Court to award Plaintiff Bethany K. attorney fees and expenses pursuant to the Equal Access to Justice Act. (See id.)

  Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005). In

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

assessing the third factor of whether the requested fees are reasonable, the Court looks to whether the hourly rates and number of hours billed are reasonable.  See, e.g., Beatriz B. v. Saul, Case No.: 3:19-cv-785-AHG, 2020 WL 5203371, at *2-3 (S.D. Cal. Sept. 1, 2020) (noting that attorney fees are awarded based on prevailing market rates for the kind and quality of the services provided).

The parties here have not included a billing statement with their joint motion, or any information regarding the number of hours billed, and at what rates.  Because this information is needed to assess the reasonableness of the requested fees, the Court **ORDERS** the parties to submit a joint supplemental brief to include the names, qualifications, experience, and hourly billing rates of all attorneys and paralegals who worked on this case on Plaintiff's behalf.  The parties shall also attach Plaintiff's billing statement as an exhibit, which should include dates, time spent, attorney or paralegal designation, descriptions of actions, and totals.  The joint supplemental brief shall be submitted no later than **February 4, 2025**.

In addition to the request for attorney fees, the parties request that if Plaintiff does not owe a federal debt making the fees subject to an offset, any payments and costs be delivered directly to Plaintiff's counsel pursuant to an assignment agreement "executed by Plaintiff."  (ECF No. 18 at 2.)  Such a request is consistent with the governing law that a fee award may be paid directly to a litigant's attorney "where there has been a valid assignment and the plaintiff does not owe a debt to the government." Ulugalu v. Berryhill, Case No.: 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018).  The parties here, however, have not submitted the relevant assignment agreement.  The Court therefore, will not order the payment of fees and costs to be made directly to Plaintiff's counsel unless the parties provide evidence of their assignment agreement in the joint supplemental brief as well.  See, e.g., Darren C. v. Kijakazi, Case No.: 3:21-cv-01012-AHG, 2022 WL 17744073, at *1 (S.D. Cal. Dec. 15, 2022) (declining to order that the EAJA fees be paid to plaintiff's counsel subject to any administrative offset due to outstanding federal debt because the parties failed to produce

1  evidence of an assignment agreement).  If the parties would like the Court to include an
2  instruction that EAJA fees and costs be paid directly to Plaintiff's counsel, they are
3  **ORDERED** to provide evidence of the assignment agreement in the joint supplemental
4  brief.

**IT IS SO ORDERED.**

Dated:  January 22, 2025

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge